IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
|     Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | Case No. 2:20-cr-20164-JTF-cgc |
| RODERCUS FREEMAN, ) | |
| ) | |
|     Defendant. ) | |
| ) | |

**ORDER ADOPTING THE MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION TO DENY DEFENDANT'S MOTION TO SUPPRESS**

Before the Court is Defendant's Motion to Suppress filed on February 22, 2021. (ECF No. 28.) Plaintiff filed a Response to Defendant's Motion on March 8, 2021. (ECF No. 32.) The Court referred the Motion to the Magistrate Judge on March 12, 2021. (ECF No. 35.) The Magistrate Judge issued a Report and Recommendation on March 30, 2021, (ECF No. 39), and Defendant filed timely Objections on April 8, 2021. (ECF No. 40.) For the following reasons, the Court finds that the Magistrate Judge's Report and Recommendation should be **ADOPTED** and the Defendant's Motion to Suppress should be **DENIED**.

**LEGAL STANDARD**

Congress passed 28 U.S.C. § 636(b) "to relieve some of the burden on the federal courts by permitting the assignment of certain district court duties to magistrates." *United States v. Curtis*, 237 F.3d 598, 602 (6th Cir. 2001). Pursuant to the provision, magistrate judges may hear and determine any pretrial matter pending before the Court, except various dispositive motions. 28 U.S.C. § 636(b)(1)(A). Regarding those excepted dispositive motions, magistrate judges may still hear and

submit to the district court proposed findings of fact and recommendations for disposition. 28 U.S.C. § 636(b)(1)(B). Upon hearing a pending matter, "[T]he magistrate judge must enter a recommended disposition, including, if appropriate, proposed findings of fact." Fed. R. Civ. P. 72(b)(1); *see also Baker v. Peterson*, 67 F. App'x 308, 310 (6th Cir. 2003). Any party who disagrees with a magistrate's proposed findings and recommendation may file written objections to the report and recommendation. Fed. R. Civ. P. 72(b)(2).

The standard of review that is applied by the district court depends on the nature of the matter considered by the magistrate judge. *See Baker v. Peterson*, 67 F. App'x 308, 310 (6th Cir. 2003) (citations omitted). Motions to suppress evidence are among the motions in criminal cases that are subject to *de novo* review. *See* 28 U.S.C. § 636 (b)(1)(A); *U.S. Fid. & Guarantee Co. v. Thomas Solvent Co.,* 955 F.2d 1085, 1088 (6th Cir. 1992). Upon review of the evidence, the district court may accept, reject, or modify the proposed findings or recommendations of the magistrate judge. *Brown v. Board of Educ.*, 47 F. Supp. 3d 665, 674 (W.D. Tenn. 2014); *see also* 28 U.S.C. § 636(b)(1). The court "may also receive further evidence or recommit the matter to the [m]agistrate [j]udge with instructions." *Moses v. Gardner*, No. 2:14-cv-2706-SHL-dkv, 2015 U.S. Dist. LEXIS 29701, at *3 (W.D. Tenn. Mar. 11, 2015). A district judge should adopt the findings and rulings of the magistrate judge to which no specific objection is filed. *Brown*, 47 F. Supp. 3d at 674.

## ANALYSIS

As noted above, Defendant's Motion to Suppress was referred to the Magistrate Judge who filed a Report and Recommendation, recommending that the Motion to Suppress be denied. No evidentiary hearing was held. It appears the Magistrate Judge generally reviewed the Criminal Complaint and Indictment. As for the Motion to Suppress, the Magistrate Judge reviewed and

2

considered the sufficiency of the Search Warrants and Affidavits which are attached to the Government's Response. (ECF Nos. 32, 32-1 & 32-2.) Defendant raises two Objections to the Magistrate Judge's Report and Recommendation. First, Defendant objects to the Magistrate Judge's finding that the search warrant for Defendant's residence at 3221 Choctaw Avenue, Memphis TN, was supported by probable cause. (ECF No. 40, 1 & 3.) Second, Defendant objects to the Magistrate Judge's finding that the cell phone data discovered pursuant to the Residential Search Warrant was legally obtained. (*Id*. at 1 & 5.) The Court addresses the Objections below.

1. Probable Cause

Defendant contends that the search warrant was deficient because (1) there is an insufficient nexus between the evidence sought and Defendant's residence; (2) there are no particularized facts in the affidavit to link the gold Mercedes to the August 31, 2018 attempt robbery and (3) there is no indication as to the reliability or veracity of the crime stopper tipster. (ECF No. 40, 1 & 4.)

The Fourth Amendment requires a search warrant to be supported by probable cause. *United States v. Jackson*, 470 F.3d 299, 306 (6th Cir. 2006). Probable cause is defined as reasonable grounds for belief, supported by less than prima facie proof but more than mere suspicion.) *Id*. (quoting *United States v. Bennett*, 905 F. 2d 931, 934 (6th Cir. 1990)). Probable cause exists when there is "a fair probability that evidence of a crime will be located on the premises of the proposed search." *United States v. Jenkins*, 396 F.3d 751, 760 (6th Cir. 2005) (citation omitted). When evaluating the existence of probable cause, a court must look at the totality of the circumstances. *Illinois v. Gates*, 462 U.S. 213, 238 (1983). With regard to search warrants, a court's determination of probable cause is limited to "the information [contained] within the four corners of the affidavit supporting the search warrant request." *Jackson*, 470 F.3d at 306. Such an affidavit in support of a

3

search warrant must indicate "a nexus between the place to be searched and the evidence sought." *United States v. Carpenter*, 360 F.3d 591, 594 (6th Cir. 2004). "The connection between the residence and the evidence of criminal activity must be specific and concrete, not 'vague' or 'generalized.'" *United States v. Brown*, 828 F.3d 375, 382 (6th Cir. 2016). The Sixth Circuit has held that "[t]he magistrate's determination of probable cause is afforded great deference and should be reversed only if arbitrarily made." *Jackson*, 470 F. 3d at 306 (citing *United States v. Allen*, 211 F.3d 970, 973 (6th Cir. 2000) (en banc)).

a. <u>Nexxus Between Evidence Sought and Defendant's Residence</u>

The search warrant affidavit, in relevant part, provides that:

- On Saturday, August 04, 2018, at approximately 11:00 a.m., a lone male entered the Southern Security Federal Credit Union located at 3580 Ridgeway Meadow Parkway and robbed the bank at gunpoint. The suspect pointed a black handgun wrapped with electrical tape at the tellers and stated, "Give me all you got, and I ain't playing with y'all. I'm crazy and I'm an alcoholic." The victims complied with his demands and handed over $4,424. After obtaining the money, the suspect fled the scene on foot and was last seen running towards the New Direction Church located at 6120 Winchester Road . . . .

- The suspect is described as a black male in his late 30s to early 40s, 5'05", and wearing a blue hat, black mask, white T-shirt over his shoulders, beige long sleeve button-up shirt, black pants, and gray and white shoes.

- On Friday, August 17, 2018, at approximately 11:15 a.m., the same male entered the Independent Bank located at 3925 Poplar Avenue, pointed an unknown type of weapon with electrical tape on it at the tellers and demanded the money from their cash drawers . . . . The victims complied with his demands and handed over $7,400. Before fleeing the scene, the suspect told the victims he was an alcoholic. Video surveillance from the Tennessee Taco Shop next door showed the suspect occupying a white SUV, possibly a Ford Explorer.

- The suspect is described as a black male in his late 30s to early 40s, 5'05", and wearing a gray Memphis Grizzlies hat, black mask, white long sleeve Polo shirt, orange gloves, gray sweatpants, and black and white Nike tennis

    shoes.

- On Monday, August 27, 2018, I received a Crime Stoppers tip naming Rodrickus Frank Freeman as the person responsible for the aforementioned bank robberies, and the tipster provided "Dricke Frank Freeman" as his Facebook page. After checking the name through several law enforcement databases, it was discovered this person's true name is Rodercus Freeman . . . . It was also discovered on May 24, 2007, Freeman was sentenced to 181 months in Federal Prison for robbing the same Southern Security Federal Credit Union.

- On Friday, August 31, 2018, at approximately 1:45 p.m., FBI Task Force Officer (TFO) Matt Nelson was conducting surveillance at Freeman's residence located at 3221 Choctaw Avenue and observed Freeman get out of a gold Mercedes and enter his residence. While TFO Nelson was watching the residence, TFO Edwards was notified by Officer C. Robinson that someone attempted to rob the Southern Security Federal Credit Union again but the tellers did not open the door for him because he was wearing a mask.

- TFOs Edwards and Nelson went to the Southern Security Federal Credit Union and reviewed the video surveillance. The video surveillance showed the suspect attempting to open the front door at 1:03:09, and then run towards the New Direction Church at 1:03:34. It was also discovered the suspect has the same physical characteristics as the person responsible for the other two bank robberies and he was wearing the same black and white Nike tennis shoes he had on during the Independent Bank robbery.

- TFOs Edwards and Nelson reviewed the video surveillance at the New Direction Church and observed a gold Mercedes driving towards the rear of the church at 12:55 p.m. and then fleeing the scene at 1:04 p.m. After reviewing the video surveillance, TFO Nelson went back to 3221 Choctaw Ave, took several photographs of the vehicle, and forwarded them to TFO Scott Edwards. The Mercedes has two stickers on the windshield. One of them is halfway down the windshield on the driver's side, and the other one is in the lower left hand corner on the passenger's side. The Mercedes also has a white smudge on the front bumper. TFOs Edwards and Nelson compared the photographs of the Mercedes Freeman was seen exiting at his residence with the Mercedes on the video surveillance at the church. Both vehicles have the same stickers on the windshield and a white smudge on the front bumper. Freeman also has a picture on his personal Facebook page claiming ownership of the vehicle.

(ECF No. 32-1, 2-3.)

As the Magistrate Judge concluded, it is this information in the affidavit to the Residential Search Warrant that establishes connection between the August 4 and August 17 robberies, the August 31 attempted robbery, and the gold Mercedes found at the residence where the Defendant was seen and later located.  Viewing the information presented in the search warrant affidavit in its totality, it is clear that the affidavit sets forth in detail facts showing a nexus between the robberies, the vehicle, the residence and the evidence sought to be seized.  The affidavit is specific and concrete as opposed to being vague or generalized, and is sufficient to establish probable cause.  *Brown*, 828 F.3d at 382.

*b. Reliability or Veracity of the Crime Stoppers' Tipster*

Defendant objects to the Magistrate Judge's finding that the search warrant was supported by probable cause, arguing that the affidavit contains no information as to the veracity or reliability of the anonymous tipster.  (ECF No. 40, 4.)

"When confronted with hearsay information from a confidential informant, a court must consider the veracity, reliability, and the basis of knowledge for that information as part of the totality of the circumstances for evaluating the impact of that information ...." *United States v. Frazier*, 423 F. 3d 526, 532 (6th Cir. 2005) (quoting *United States v. Helton*, 314 F. 3d 812, 819 (6th Cir. 2003)); and *United States v. McCraven*, 401 F.3d 693, 698 (6th Cir. 2005).  In the absence of any indicia of the informants' reliability, courts require that the affidavit contain substantial independent police corroboration. *United States v. Woosley*, 361 F.3d 924, 927 (6th Cir. 2004). Defendant cites Frazier for the proposition that a search warrant is not supported by probable cause if it is based upon statements made by a confidential informant when there is no indicia of the informant's reliability or veracity.  *Frazier*, 423 F.3d at 532; (ECF No. 40, 4.)

6

Here, as in *Frazier*, the search warrant affidavit contains no facts supporting the confidential informants' reliability or veracity. This is to be expected in light of the fact that the information provided to the police department was the result of an anonymous crime stoppers tip. Such tips usually provide officers with an investigative lead to start or continue an investigation. That is why TFO Nelson sought to corroborate the information that the tipster provided. Based on the tip, TFO Nelson was able to obtain information that led to identifying the Defendant as a suspect. (ECF No. 32-1, 2.) He then conducted surveillance at Defendant's residence and observed Defendant get out of a "gold Mercedes" and then "enter his residence." (*Id*.) After viewing evidence from the scene of the August 31 attempted robbery, TFO Nelson returned to Defendant's residence and matched the gold Mercedes with the vehicle fleeing the scene of the August 31 attempted robbery. (*Id*. at 2-3.) In the affidavit, TFO Nelson also sets out specific identifiers that link the suspect with the August 4 and August 17 robberies, including: (1) the black mask; (2) the black and white Nike tennis shoes; (2) the physical description of the suspect; (3) the weapon wrapped with electrical tape; and (4) the statement about being an "alcoholic." (*Id*. at 2-3.) Thus, as the Magistrate Judge concluded, and this Court agrees, that the affidavit contains substantial independent police corroboration to support probable cause for the Residential Search Warrant. (ECF No. 39, 8.)

*c. Cell Phone Location Data*

Last, Defendant contends the cell phone location data should be excluded as fruit of the poisonous tree because the Residential Search Warrant was not supported by probable cause. (ECF No. 40, 5.)

In *Carpenter v. United States*, the Supreme Court held that an individual maintains a legitimate expectation of privacy in the record of his physical movements as captured through cell-

7

site location information ("CSLI"). *Carpenter v. United States*, 138 S. Ct. 2206, 2217 (2018). The Supreme Court further held that the government needs a search warrant supported by probable cause to acquire CSLI. *Id*. at 2221. The Fourth Amendment exclusionary rule applies to both evidence obtained as a direct result of an illegal search and later discovered evidence that was derivative of an illegal search. *United States v. Segura*, 468 U.S. 796, 804 (1984) (citation omitted). The question to be resolved when it is claimed that evidence subsequently obtained is "tainted" or is "fruit" of a prior illegality is whether the challenged evidence resulted from exploitation of an illegality. *Id.* at 804–05 (citation omitted) (emphasis in original); *see also Wong Son v. United States*, 371 U.S. 471, 488 (1963.

In the instant case, as the Magistrate Judge noted, during the search of Defendant's residence, law enforcement located Defendant's cellular telephone, (ECF No. 3-1, 3). The Court has already established, *supra*, that the Residential Search Warrant was supported by probable cause. Because the CSLI obtained is not the result of an illegal search and is not fruit of the poisonous tree, it should not be excluded. Therefore, Defendant's Objections to the Magistrate Judge's Report and Recommendation are overruled and the Motion to Suppress is Denied.

## CONCLUSION

Upon *de novo* review, the Court hereby **ADOPTS** the Magistrate Judge's Report and Recommendation and **DENIES** Defendant's Motion to Suppress.

**IT IS SO ORDERED** on this 13th day of May 2021.

*s/John T. Fowlkes, Jr.*
JOHN T. FOWLKES, JR.
United States District Judge